1  **AKIN GUMP STRAUSS HAUER & FELD LLP**
2  NEAL R. MARDER (SBN 126879)
   nmarder@akingump.com
3  MARSHALL L. BAKER (SBN 300987)
   mbaker@akingump.com
4  1999 Avenue of the Stars, Suite 600
   Los Angeles, CA 90067-6022
5  Telephone:  310.229.1000
   Facsimile:   310.229.1001

6  **AKIN GUMP STRAUSS HAUER & FELD LLP**
7  MICHAEL J. STORTZ (SBN 139386)
   mstortz@akingump.com
8  580 California Street, Suite 1500
   San Francisco, CA 94104-1036
   Telephone:  415.765.9500
9  Facsimile:   415.765.9501

10 Attorneys for Defendant
   AEG PRESENTS SE, LLC

11

12               UNITED STATES DISTRICT COURT

13           FOR THE CENTRAL DISTRICT OF CALIFORNIA

14

15 | ADRIANA BARBIERI, individually | Case No.: 2:20-cv-03923-PSG-GJS |
16 | and on behalf of all others similarly | **DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO (1) TRANSFER FOR IMPROPER VENUE OR FOR CONVENIENCE OR, ALTERNATIVELY, (2) DISMISS FOR LACK OF PERSONAL JURISDICTION** |
17 | situated, | |
18 | Plaintiffs, | |
19 | v. | |
20 | AEG PRESENTS SE, LLC | |
21 | Defendant. | Date:           July 27, 2020 |
22 | | Time:          1:30 p.m.<br>Courtroom:   6A, 6th Floor<br>Judge:         Hon. Philip S. Gutierrez |

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................1

II.   BACKGROUND ...........................................................................3

    A.   Plaintiff Asserts TCPA Claims Against AEG in the Florida Action. ..................................................................................3

    B.   Plaintiff Amends Her Complaint and Avers that Her TCPA Claims Should be Resolved in the Southern District of Florida, Where the Underlying Events and Her Alleged Injury Occurred. ..................................................................................3

    C.   Plaintiff Dismisses the Florida Action and Re-files Her TCPA Claims in this Court....................................................................4

    D.   AEG Is Organized Under the Laws of Delaware, and Maintains Its Principal Place of Business Within the Southern District of Florida...................................................................................5

    E.   All of the Conduct Relating to the Deadbeats Event Occurred Within the Southern District of Florida, Where the Witnesses and Evidence Reside. ...............................................................6

III.  ARGUMENT..................................................................................7

    A.   This Action Should Be Transferred to the Southern District of Florida Because Venue in this District Is Improper. ...........................8

        1.   Venue Does Not Lie in this District Under Section 1391(b)(1). ..........................................................................8

        2.   Venue Does Not Lie in this District Under Section 1391(b)(2). ........................................................................13

        3.   Venue Does Not Lie in this District Under Section 1391(b)(3). ........................................................................13

        4.   The Court Should Transfer this Action to the Southern District of Florida.................................................................14

    B.   The Court Should Also Transfer this Action to the Southern District of Florida for the Convenience of the Parties and Witnesses, and in the Interest of Justice............................................15

        1.   Plaintiff's Choice of Forum Is Given Little Weight. ................16

        2.   The Parties' Respective Lack of Contacts with this District and Absence of Contacts Relating to Plaintiff's Claims in this District Favor Transfer........................................18

3.      The Availability of Compulsory Process to Compel Attendance of Witnesses and the Convenience of the Parties Weighs in Favor of Transfer............................................20

4.      The Ease of Access to Evidence Weighs in Favor of Transfer or is Neutral. .................................................22

5.      Other Factors Support Transfer or Are Neutral. .......................22

6.      The Interest of Justice and Judicial Efficiency Warrants Transfer to the Southern District of Florida.............................23

C.      Should this Action Remain in this District, this Court Lacks Personal Jurisdiction over Plaintiff's Claims......................................24

IV.     CONCLUSION.................................................................25

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abrams Shell v. Shell Oil Co.*,
　165 F. Supp. 2d 1096 (C.D. Cal. 2001) ............................................................ 24

*Action Embroidery Corp. v. Atl. Embroidery, Inc.*,
　368 F.3d 1174 (9th Cir. 2004) ......................................................................... 8

*Adriana Barbieri v. AEG Presents, SE LLC*,
　No. 0:20-cv-60061 (S.D. Fla.) .................................................................*passim*

*Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.*,
　793 F.3d 991 (9th Cir. 2015) .......................................................................... 14

*Blair v. CBE Grp. Inc.*,
　No. 13-0134, 2013 WL 2029155 (S.D. Cal. May 13, 2013) ........................... 13

*Blocker v. Black Entm't Television, LLC*,
　No. 17-01406, 2018 WL 3797568 (D. Or. June 26, 2018), *report and
　recommendation adopted sub nom. Blocker v. Black Entm't Television, LCC*,
　No. 17-01406, 2018 WL 3795219 (D. Or. Aug. 8, 2018) ........................... 9, 10

*Carolina Cas. Co. v. Data Broad. Corp.*,
　158 F. Supp. 2d 1044 (N.D. Cal. 2001) ..................................................... 16, 17

*Cont'l Indus. Cap., L.L.C. through Cohen Asset Mgmt., Inc. v. Davey Tree Expert Co.*,
　No. 05-1214, 2005 WL 8173354 (S.D. Cal. Sept. 7, 2005) ........................... 21

*Cromwell v. Certified Forensic Loan Auditors*,
　No. 17-02429, 2019 WL 1095837 (N.D. Cal. Jan. 10, 2019) ......................... 9

*Daimler AG v. Bauman*,
　571 U.S. 117 (2014) .......................................................................................... 9

*Foster v. Nationwide Mut. Ins. Co.*,
　No. 07-4928, 2007 WL 4410408 (N.D. Cal. Dec. 14, 2007) ......................... 17

*Geraci v. Red Robin Int'l, Inc.*,
　No. 18-15542, 2019 WL 2574976 (D.N.J. June 24, 2019) ........................... 19

*Gold Value Int'l Textile, Inc. v. Ross Stores, Inc.*,
　No. 19-09604, 2020 WL 1953620 (C.D. Cal. Apr. 23, 2020)......................... 14

*Hancock v. Jackson Hewitt Tax Serv., Inc.*,
　No. 19-2602, 2019 WL 8013111 (C.D. Cal. Aug. 29, 2019) ...................*passim*

*Hatch v. Reliance Ins. Co.*,
　758 F.2d 409 (9th Cir. 1985) ......................................................................... 15

*Hawkins v. Gerber Prod. Co.*,
　924 F. Supp. 2d 1208 (S.D. Cal. 2013).................................................17, 22, 23

iii

*Hoffman v. Blaski,*
    363 U.S. 335 (1960) ................................................................................... 15

*Johnson v. Law,*
    19 F. Supp. 3d 1004 (S.D. Cal. 2014) .................................................... 8, 16

*Kissick v. Am. Residential Servs., LLC,*
    No. 19-1460, 2019 WL 6434639 (C.D. Cal. July 18, 2019) ...................... 20

*LaGuardia v. Designer Brands, Inc.,*
    No. 19-1568, 2020 WL 2463385 (S.D. Cal. May 7, 2020) .......... 13, 14, 19, 23

*Lewis v. Sw. Airlines Co.,*
    No. 16-0749, 2016 WL 3091998 (N.D. Cal. June 2, 2016) ...................... 16

*Micron Tech., Inc. v. Factory Mut. Ins. Co.,*
    No. 18-07689, 2019 WL 2410732 (N.D. Cal. June 7, 2019) .................... 10

*Miller v. Hambrick,*
    905 F.2d 259 (9th Cir. 1990) .................................................................. 14

*Perez v. Performance Food Grp., Inc.,*
    No. 15-2390, 2017 WL 66874 (N.D. Cal. Jan. 6, 2017) ........................... 21

*Piedmont Label Co. v. Sun Garden Packing Co.,*
    598 F.2d 491 (9th Cir. 1979) .................................................................... 8

*Rio Props., Inc. v. Rio Int'l Interlink,*
    284 F.3d 1007 (9th Cir. 2002) ................................................................ 10

*Verdun v. Cal. Bus. Bureau,*
    No. 14-0035, 2014 WL 12508344 (S.D. Cal. June 16, 2014) .................. 19

**Statutes**

28 U.S.C. § 1391 .................................................................................... *passim*

28 U.S.C. § 1404(a) ............................................................................... *passim*

28 U.S.C. § 1406(a) ................................................................... 2, 7, 8, 14

Telephone Consumer Protection Act, 47 U.S.C. § 227 .......................... *passim*

# I.   **INTRODUCTION**

This lawyer driven action is completely frivolous and if it is to proceed at all, it belongs in the Southern District of Florida and not before this Court.  Indeed, this is the quintessential example of forum shopping by Plaintiff Adriana Barbieri's ("Plaintiff") counsel who, through strategic maneuvering, has sought to avoid unfavorable Eleventh Circuit precedent by dismissing Plaintiff's original suit filed in the Southern District of Florida, Fort Lauderdale Division, and refiling that action in this Court.

Notably, this is Plaintiff's third attempt to assert claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") against Defendant AEG Presents SE, LLC ("AEG") arising out of her alleged receipt of text messages in Florida regarding a music event held in Florida.  Plaintiff originally filed this action in the Southern District of Florida, where she, her counsel, AEG, the music event, and the alleged text messages are all located.  *See Adriana Barbieri v. AEG Presents, SE LLC*, No. 0:20-cv-60061 (S.D. Fla.) (the "Florida Action").[1]

Plaintiff has repeatedly acknowledged through binding judicial admissions that the events underlying her alleged claims transpired in the Southern District of Florida, where Plaintiff lives and allegedly received the text messages of which she now complains.  As it became clear that the Florida Action would be dismissed under binding Eleventh Circuit law, Plaintiff and her counsel abruptly dismissed the Florida Action without prejudice and went forum shopping, refiling her complaint in this district.  Plaintiff's attempt to pack up camp in Florida and re-file in California should not be countenanced for three reasons.

*First*, AEG is not subject to personal jurisdiction in this district, thus making venue improper under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1391(b)(1). Nor is venue proper in this district under 28 U.S.C. § 1391(b)(2)—because none of the events underlying Plaintiff's claims occurred in this district—or under 28 U.S.C. §

---

[1] As set forth in its accompanying request for judicial notice ("RJN"), AEG respectfully requests that the Court take judicial notice of the PACER docket of proceedings in the Florida Action (**Exhibit A**); the initial complaint filed in the Florida Action (**Exhibit B**); and the amended complaint filed in the Florida Action (**Exhibit C**).

1391(b)(3), as venue is proper in the Southern District of Florida.  Because venue does not lie in the Central District of California, AEG respectfully requests that the Court transfer this action to the Southern District of Florida, Fort Lauderdale Division, pursuant to 28 U.S.C. § 1406(a).  Although the Court may properly dismiss this action for improper venue, AEG respectfully submits that a transfer to the Southern District of Florida is fully warranted and in the interest of justice.  AEG has already expended considerable resources addressing the impropriety of Plaintiff's claims against it, including twice moving to dismiss the Florida Action.  Through a transfer to the Southern District of Florida, Fort Lauderdale Division, this action may be resolved in the forum that Plaintiff originally selected.

*Second*, a transfer to the Southern District of Florida, Fort Lauderdale Division, pursuant to 28 U.S.C. § 1404(a) is fully justified to serve the convenience of the parties and witnesses and in the interest of justice.  Courts nationwide, including this court, routinely transfer TCPA actions under Section 1404(a) to the venue encompassing the defendant's headquarters, particularly where, as here, the plaintiff's choice of forum results from forum shopping, and all of the events underlying the claims transpired in the transferee forum—where the witnesses and evidence are also located.

*Third*, should this Court decline to transfer this action, it should dismiss it under Rule 12(b)(2) of the Federal Rules of Civil Procedure because there is no general or specific jurisdiction in California over AEG as to Plaintiff's claims.  AEG is incorporated under the laws of Delaware and maintains its principal place of business in West Palm Beach, Florida.  AEG, as a result, is not subject to general jurisdiction in California.  Nor is AEG subject to specific personal jurisdiction, as there is no connection whatsoever between any conduct of AEG in this forum as relates to Plaintiff's claims.

For these reasons and those set forth below, AEG's motion should be granted, and this action should be transferred to the Southern District of Florida, Fort Lauderdale Division.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER

## II.   BACKGROUND

### A.   Plaintiff Asserts TCPA Claims Against AEG in the Florida Action.

Plaintiff initiated this action in January 2020, with the filing of her initial complaint in the Southern District of Florida, Fort Lauderdale Division.  *See* RJN, **Ex. A**.  As she does here, Plaintiff alleged that AEG transmitted text messages to her cellular telephone number ending in 5156 (the "5156 Number") in violation of the TCPA.  *See* RJN, **Ex. B** ¶¶ 1, 18, 49–62.

Plaintiff alleged that venue was proper in the Southern District of Florida because AEG resided there, "provide [*sic*] and market their [*sic*] services [there]," and because AEG's alleged "conduct against Plaintiff occurred [there] and, on information and belief, Defendant have [*sic*] sent the same text message complained of by Plaintiff to other individuals within this judicial district[.]"  *Id.* ¶ 7.

### B.   Plaintiff Amends Her Complaint and Avers that Her TCPA Claims Should be Resolved in the Southern District of Florida, Where the Underlying Events and Her Alleged Injury Occurred.

AEG moved to dismiss Plaintiff's initial complaint, demonstrating through sworn testimony that it did not transmit any text messages to Plaintiff, and that another entity— Awesome Promoters, LLC—was likely responsible.  *See* RJN, **Ex. A** (Dkt. No. 22).  Although Plaintiff represented in the requisite pre-filing meet and confer that she would oppose AEG's motion to dismiss, she instead filed an amended complaint, this time naming Awesome Promoters, LLC ("Awesome") as a co-defendant.  *See* RJN, **Ex. C**.  Plaintiff alleged that Awesome was a "co-promoter" of the Deadbeats Event and that it "is a *Florida* limited liability company with a principal address of 3406 Davie Rd., Unit 203 Davie, FL 33314."  RJN, **Ex. C** ¶ 7 (emphasis added).

Under the "**JURISDICTION AND VENUE**" section of her pleading, Plaintiff likewise alleged that both AEG and Awesome were "subject to specific personal jurisdiction in *Florida* because this suit arises out of out of and relates to Defendants' significant contacts with *Florida*, including the co-promotion of a music event that was held in *Florida*."  *Id.* ¶ 11 (emphasis added).  Plaintiff alleged further that AEG and

Awesome "initiated and directed, or caused to be initiated and directed, telemarketing and/or advertisement text messages into *Florida* in violation of the TCPA." *Id.* (emphasis added). Underscoring her allegations that Florida was the proper situs to resolve her claims, Plaintiff alleged:

> Specifically, Defendants initiated and directed, or caused to be initiated and directed, the transmission of unsolicited advertisement or telemarketing text messages to the 5156 Number to promote their event in *Florida*. The 5156 Number has an area code that specifically coincides with locations in *Florida*, and *Plaintiff received such messages on the 5156 Number while residing in and physically present in Florida.*

*Id.* ¶ 12 (emphasis added).

Finally, Plaintiff alleged that both her "claims for violation of the TCPA against Defendants, and the resulting injuries caused to Plaintiff by Defendants' advertisements and telemarketing messages arose in substantial part from Defendants' direction of those messages into *Florida*." *Id.* ¶ 13 (emphasis added); *see also id.* ¶ 14 (invoking 28 U.S.C. § 1391(b)(1) and alleging that venue was proper "because a substantial part of Defendants' actions and omissions which gave rise to the claims asserted in this action occurred, in part, in this District.").

Notably, there was not a single allegation in either complaint filed in the Florida Action tying Plaintiff's claims to California.

### C. Plaintiff Dismisses the Florida Action and Re-files Her TCPA Claims in this Court.

Because the amended complaint in the Florida Action continued to contain pleading deficiencies, AEG—again, as required under the Southern District of Florida's local rules—contacted Plaintiff through her counsel regarding another motion to dismiss. Plaintiff again confirmed that she would be opposing AEG's motion to dismiss, forcing AEG to prepare the second dismissal motion. On April 17, 2020, AEG filed its motion to

dismiss.  *See* RJN, **Ex. A** (Dkt. No. 28).  Plaintiff again failed to oppose AEG's motion to dismiss, and, on April 28, 2020, she filed a notice of voluntary dismissal without prejudice (*id.*, Dkt. No. 34).  On April 29, 2020, the court in the Florida Action entered an Order of Dismissal Without Prejudice and closed the matter.  *See id.*, Dkt No. 35.

That same day, Plaintiff filed her operative complaint in this action (the "Complaint"), again alleging that she received text messages from AEG on the 5156 Number to promote the Deadbeats Event in Florida.  *See generally* Compl. (Dkt. No. 1). Although she continues to allege that she resides in Broward County, Florida, *see id.* ¶ 5, and that "Defendant is a Delaware limited liability company," *id.* ¶ 6, Plaintiff has otherwise attempted to retreat from her judicial admissions regarding both where the events underlying this action transpired and which judicial district is the proper place for adjudicating her claims.  Indeed, Plaintiff now alleges that "this suit arises out of and relates to Defendant's significant contacts with California, including the co-promotion of a music event that Defendant organized and planned from its headquarters in California." *Id.* ¶ 10.  Plaintiff also now claims that venue is proper in the Central District of California because, somehow, "a substantial part of Defendant's actions and omissions" *now occurred* "in part, in this District."  *Id.* ¶ 11.

Plaintiff continues to allege that Awesome co-promoted the Deadbeats Event with AEG, although she no longer names Awesome or alleges, as she previously did, that Awesome is a Florida-based entity.  *See id.* ¶ 19.  Also, conspicuously absent from the Complaint are the allegations from the amended complaint in the Florida Action that the "5156 Number has an area code that specifically coincides with locations in *Florida*, and *Plaintiff received such messages on the 5156 Number while residing in and physically present in Florida*."  *Compare* RJN, **Ex. C** ¶ 12, *with* Compl.

## D.   AEG Is Organized Under the Laws of Delaware, and Maintains Its Principal Place of Business Within the Southern District of Florida.

As Plaintiff admits, "AEG is Delaware limited liability company[.]"  Compl. ¶ 6. Although Plaintiff alleges that AEG's "principal address" is in Los Angeles, *see id.*, AEG

in fact "maintains its principal place of business and headquarters at an address at 1800 Australian Avenue South, Ste. 201, West Palm Beach, Florida 33409." Declaration of Chrissy Davie ISO AEG's Motion ("Davie Decl.") ¶ 5; *accord* Declaration of Jesse Stoll ISO Motion to Transfer ("Stoll Decl.") ¶ 5 ("All of the persons involved in the Deadbeats Event on behalf of AEG work from AEG's principal office in West Palm Beach, Florida 33409."). Indeed, AEG "*is not now and has never been registered with the California Secretary of State to do business in California*." Davie Decl. ¶ 4 (emphasis added). Further, AEG "*does not conduct business in California, and Defendant maintains no offices in California*." *Id.* (emphasis added). AEG's identification in Florida Department of State filings of a Los Angeles address for its principal address was done "for consistency and ease of administration," pursuant to the "standard operating procedure for all of Anschutz Entertainment Group, Inc.'s entities," including AEG.[2] *Id.* ¶ 2. "For the avoidance of all doubt, [AEG] updated [its] information with the Florida Department of State, Division of Corporations, to reflect [AEG]' principal place of business and headquarters at 1800 Australian Avenue South, Ste. 201, West Palm Beach, Florida 33409." *Id.* ¶ 6 (attaching **Ex. A**).

**E.    All of the Conduct Relating to the Deadbeats Event Occurred Within the Southern District of Florida, Where the Witnesses and Evidence Reside.**

As relates to the Deadbeats Event, Jesse Stoll, who is employed as the Senior Talent Buyer at AEG, confirms that "AEG and another Florida-based entity, Awesome [], were involved as independent contractors in the promotion of the Deadbeats Event pursuant to a co-promotion agreement." Stoll Decl. ¶ 3. Mr. Stoll "negotiated and executed the agreement in Florida on behalf of AEG." *Id.* ¶ 4. Further, in direct contradiction to Plaintiff's bald allegation that the Deadbeats Event was organized through California, "*[a]ll of the persons involved in the Deadbeats Event on behalf of AEG work from AEG's*

---

[2] As set forth in the Davie Decl., AEG "is a wholly owned subsidiary of AEG Presents, LLC, which is wholly owned by Anschutz Entertainment Group, Inc." Davie Decl. ¶ 1. There is no suggestion that either of these entities had any connection with the South Florida events.

*principal office in West Palm Beach, Florida 33409.*" *Id.* ¶ 5 (emphasis added).  Mr. Stoll further understands that, "because the relevant personnel work out of AEG's offices in West Palm Beach, Florida, any documents and communications relating to the Deadbeats Event will be located in West Palm Beach, Florida." *Id.* ¶ 6.

Consistent with Plaintiff's allegation in the Florida Action regarding Awesome's location in Davie, Florida, Mr. Stoll avers that "Jose Vargas executed the agreement on behalf of Awesome, which the agreement identified as having offices in Davie, Florida 34414." *Id.* ¶ 7.  Mr. Stoll further confirms his understanding that Awesome's involvement in the Deadbeats Event was likewise confined to South Florida.  *See id.* ("I understand and believe based on my interactions with Mr. Vargas that he resides in South Florida, and that all persons involved in the Deadbeats Event on behalf of Awesome are in South Florida.").

Finally, Mr. Stoll, in his capacity as Senior Talent Buyer and AEG's negotiator of the Deadbeats Event agreement, explains that he is "*not aware of any witnesses or documents located in California or Los Angeles as relates to the promotion and production of the Deadbeats event*." *Id.* ¶ 8 (emphasis added).  And he provides further that, "[a]lthough AEG was not responsible for the transmission of any promotional text message(s) regarding the Deadbeats Event, I am further unaware of any text message(s) being transmitted to anyone in California or Los Angeles for purposes of promoting the Deadbeats Event." *Id.*

## III.   ARGUMENT

Venue does not lie in the Central District of California as to Plaintiff's claims against AEG under Section 1391(b), and this action should be transferred to the Southern District of Florida, Fort Lauderdale Division, pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a).  In the alternative, for the convenience of the parties and witnesses and in the interest of justice, AEG seeks transfer of this action to the Southern District of Florida, Fort Lauderdale Division, pursuant to 28 U.S.C. § 1404(a).

Finally, in the event that the Court does not transfer this action, it should dismiss it for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

**A.   This Action Should Be Transferred to the Southern District of Florida Because Venue in this District Is Improper.**

Plaintiff bears the burden of proving that venue is proper under Section 1391(b). *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979); *Johnson v. Law*, 19 F. Supp. 3d 1004, 1007 (S.D. Cal. 2014).  Under Section 1391(b), a civil action may be brought only in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought . . . , any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

Where a plaintiff fails to meet her burden, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Section 1406(a) permits a defendant to move for outright dismissal or for transfer of the action under Section 1406(a).  *See Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1181 (9th Cir. 2004) (explaining that a defendant "for whom venue is improper may move for dismissal or transfer for improper venue under 28 U.S.C. § 1406(a)").

1.   Venue Does Not Lie in this District Under Section 1391(b)(1).

At the threshold, although Plaintiff purports to invoke Section 1391(b)(1), the reference appears to be in error, as Plaintiff (erroneously) alleges that she satisfies the provision "because a substantial part of Defendant's actions and omissions which gave rise to the claims asserted in this action occurred, in part, in this District."  Compl. ¶ 11.  However, even assuming *arguendo* that Plaintiff had indeed attempted to demonstrate venue was proper under Section 1391(b)(1), she has not done so because AEG is not subject to general or personal jurisdiction in this district.

Specifically, Section 1391(b)(1) permits actions to be filed in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[.]" Entity defendants such as AEG are "deemed to reside . . . in any judicial district where such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Because California has more than one district, Plaintiff is required to show that AEG's contacts "would be sufficient to subject it to personal jurisdiction" in this district if the Central District of California "were a separate State." *Id.* § 1391(d). Plaintiff cannot make such a showing, as AEG is not subject to general jurisdiction here or specific jurisdiction as to her alleged TCPA claims.

**General jurisdiction.** General or "all-purpose" jurisdiction exists over a defendant only in a forum where the defendant is "essentially at home." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S, 915, 919 (2011)). For a corporate defendant, that means either the state of incorporation or the principal place of business. *Daimler*, 571 U.S. at 137. Merely conducting business in a forum, directly or through a subsidiary, is not enough to subject that business to all-purpose jurisdiction in that forum. *Id.* at 137–39. In addition, "[t]he test for personal jurisdiction over a LLC is the same as for other corporations." *Cromwell v. Certified Forensic Loan Auditors*, No. 17-02429, 2019 WL 1095837, at *8 (N.D. Cal. Jan. 10, 2019), *report and recommendation adopted*, No. 17-02429, 2019 WL 2181969 (N.D. Cal. Feb. 12, 2019) (citing *Daimler*, 571 U.S. at 139 as "testing general jurisdiction for a LLC by examining the place of organization and principal place of business"). In other words, "[w]ith respect to limited liability companies [], citizenship of the entity's members alone *is insufficient* to determine whether personal jurisdiction is proper." *Blocker v. Black Entm't Television, LLC*, No. 17-01406, 2018 WL 3797568, at *6 (D. Or. June 26, 2018) (emphasis added), *report and recommendation adopted sub nom. Blocker v. Black Entm't Television, LCC*, No. 17-01406, 2018 WL 3795219 (D. Or. Aug. 8, 2018) (citing *Daimler*, 571 U.S. at 132–33). "A court should consider the LLC's place of

'incorporation' and principal place of business, rather than to the citizenship of all of an LLC's members, to determine whether or not general personal jurisdiction can be exercised." *Id.* (collecting cases).

Plaintiff concedes that "AEG is a Delaware limited liability company," Compl. ¶ 5, and thus alleges that AEG "is subject to general personal jurisdiction in California because its principal place of business is in California and, more specifically, in this District." *Id.* ¶ 9. But nothing could be further from the truth.

AEG's principal place of business and headquarters are in West Palm Beach, Florida. *See* Davie Decl. ¶¶ 3–6 (confirming that AEG's principal place of business and headquarters are in West Palm Beach, Florida, that AEG "is not now and has never been registered with the California Secretary of State to do business in California," and that AEG does not maintain offices or conduct business in California). Because AEG is neither organized under California law nor maintains its principal place of business in this district, AEG is not subject to general jurisdiction in the Central District of California.[3]

**Specific jurisdiction.** Specific jurisdiction arises where (1) the defendant has performed some act or consummated some transaction with the forum by which it purposefully availed itself of the privilege of conducting business in California; (2) the plaintiff's claims arise out of or result from the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985)).

A cursory review of Plaintiff's pleadings confirms that her claims have no connection at all to this district. Plaintiff alleges that she is a resident of Broward County, Florida. *See* Compl. ¶ 5. Plaintiff concedes that the alleged text messages she received

---

[3] It is well settled that a party may submit declarations and other evidence outside the pleadings to demonstrate a want of personal jurisdiction, and a plaintiff's bare allegation cannot satisfy her burden of establishing jurisdiction is proper; "courts may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Micron Tech., Inc. v. Factory Mut. Ins. Co.*, No. 18-07689, 2019 WL 2410732, at *5 (N.D. Cal. June 7, 2019) (citation and quotation marks omitted).

related to a music event held in Florida. *See id.* ¶ 19.  Plaintiff has otherwise repeatedly conceded that all of the relevant conduct giving rise to her claims, and her alleged injuries, occurred outside of this district.  For example, as set forth above, Plaintiff alleged in her initial complaint filed in the Florida Action that venue was proper in the Southern District of Florida because AEG resided there, "provide [*sic*] and market their [*sic*] services [there]," and because AEG's alleged "conduct against Plaintiff occurred [there] and, on information and belief, Defendant have [*sic*] sent the same text message complained of by Plaintiff to other individuals within this judicial district[.]"  RJN, **Ex. B** ¶ 7.

In her amended complaint filed in the Florida Action—which again named an additional Florida-based entity, Awesome—Plaintiff repeatedly advocated that AEG and Awesome were "subject to ***specific personal jurisdiction*** in ***Florida*** because this suit arises out of out of and relates to Defendants' significant contacts with ***Florida***, including the co-promotion of a music event that was held in ***Florida***."  RJN, **Ex. C** ¶ 11 (emphasis added).  Plaintiff alleged further that AEG and Awesome "initiated and directed, or caused to be initiated and directed, telemarketing and/or advertisement text messages into *Florida* in violation of the TCPA."  *Id.* (emphasis added).  And, she alleged:

> Specifically, Defendants initiated and directed, or caused to be initiated and directed, the transmission of unsolicited advertisement or telemarketing text messages to the 5156 Number to promote their event in ***Florida***.  The 5156 Number has an area code that specifically coincides with locations in ***Florida***, and ***Plaintiff received such messages on the 5156 Number while residing in and physically present in Florida***.

*Id.* ¶ 12 (emphasis added).  At the same time, Plaintiff alleged that both her "claims for violation of the TCPA against Defendants, and the resulting injuries caused to Plaintiff by Defendants' advertisements and telemarketing messages arose in substantial part from Defendants' direction of those messages into *Florida*."  *Id.* ¶ 13 (emphasis added); *id.* ¶ 14 (invoking 28 U.S.C. § 1391(b)(1) and alleging that venue was proper in the Southern

11

District of Florida "because a substantial part of Defendants' actions and omissions which gave rise to the claims asserted in this action occurred, in part, in this District.").

Having already affirmatively alleged that the Southern District of Florida had *specific jurisdiction* over AEG as to her TCPA claims and that venue was proper in the Southern District of Florida under 28 U.S.C. § 1391, Plaintiff cannot now credibly allege with a straight face either that specific jurisdiction lies in this district or that venue is proper here.

Moreover, even if Plaintiff could somehow escape her prior judicial admissions by making the new unadorned allegation that "this suit arises out of and relates to Defendant's significant contacts with California, including the co-promotion of a music event that Defendant organized and planned from its headquarters in California" (Compl. ¶ 10), that allegation is completely undermined by AEG's showing that all of the relevant conduct as relates to Plaintiff's claims occurred within the Southern District of Florida. *See, e.g.*, Stoll Decl. ¶¶ 4–5 (confirming that the Deadbeats Agreement was negotiated on behalf of AEG in Florida and that everyone "involved in the Deadbeats Event on behalf of AEG work from AEG's principal office in West Palm Beach, Florida"); *accord* Davie Decl. ¶¶ 4–5 (confirming that AEG's headquarters is in West Palm Beach, Florida—not in California—and that AEG maintains "***no offices in California***" (emphasis added)).

In sum, none of the events giving rise to Plaintiff's claims occurred in this district. Instead, as Plaintiff has already admitted, she allegedly received text messages to promote an event in *Florida*, the text messages were allegedly received on Plaintiff's 5156 Number, which "has an area code that specifically coincides with locations in *Florida*, and *Plaintiff received such messages on the 5156 Number while residing in and physically present in Florida*." RJN, **Ex. B** ¶ 12 (emphasis added); *accord* Compl. ¶¶ 19, 27 (alleging Plaintiff received text messages concerning the promotion of the Deadbeats Event in Florida). In other words, every single event involving the Plaintiff—i.e., the alleged promotion of the Florida Deadbeats Event and her alleged receipt of text messages sent to promote that event—occurred in her home district in Florida, not in this district.

Accordingly, venue is improper in this district under Section 1391(b)(1), and it is only proper in the Southern District of Florida, where AEG resides.

### 2.    Venue Does Not Lie in this District Under Section 1391(b)(2).

Nor can Plaintiff establish that venue is proper here pursuant to Section 1391(b)(2), which permits actions to be filed in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Again, Plaintiff has already conceded that the alleged text messages were directed to and received by her outside of this district. *See, e.g.*, RJN, **Ex. B** ¶ 12. As such, venue is not proper here pursuant to Section 1391(b)(2). *See Blair v. CBE Grp. Inc.*, No. 13-0134, 2013 WL 2029155, at *2 (S.D. Cal. May 13, 2013) (finding improper venue in a TCPA action where the calls to plaintiff were placed and received outside the Southern District of California); *see also LaGuardia v. Designer Brands, Inc.*, No. 19-1568, 2020 WL 2463385, at *5 (S.D. Cal. May 7, 2020) (holding, in TCPA action, that venue did not lie in Southern District of California for "claims [that] arise out of text messages [plaintiffs] allegedly received while in the Central and Northern Districts of California").

Plaintiff's new bald allegation that venue is proper here "because a substantial part of Defendant's actions and omissions which gave rise to the claims asserted in this action occurred, in part, in this District[,]" is flatly contradicted by her prior allegations that the Southern District of Florida was where a "substantial part" of the relevant acts occurred. Lest there be any doubt, AEG has submitted evidence confirming that *none* of the relevant conduct concerning the Deadbeats Event occurred in this district. *See generally* Stoll Decl. It follows that venue does not lie in this district under Section 1391(b)(2).

### 3.    Venue Does Not Lie in this District Under Section 1391(b)(3).

Venue under Section 1391(b)(3) may be invoked only where "there is no district in which an action may otherwise be brought[.]" 28 U.S.C. § 1391(b)(3). This action was originally brought, and indeed should have remained, in the Southern District of Florida, where AEG maintains its principal place of business and where the underlying events

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER

giving rise to Plaintiff's claims occurred. Because this action could have been brought in that district, it follows that venue cannot lie in this district under Section 1391(b)(3).

### 4. The Court Should Transfer this Action to the Southern District of Florida.

Because venue is improper within this district, this Court "shall dismiss, or if it be in the interest of justice, transfer [this] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Ninth Circuit has repeatedly confirmed that "[n]ormally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." *Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.*, 793 F.3d 991, 996 (9th Cir. 2015) (transfer under 28 U.S.C. § 1631) (internal quotation marks and citation omitted); *accord Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (same) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)); *see also LaGuardia*, 2020 WL 2463385, at *6 (holding the interest of justice was served by transferring TCPA claims under Section 1406(a)). "Furthermore, the Court need not have personal jurisdiction over [AEG] to order transfer." *Gold Value Int'l Textile, Inc. v. Ross Stores, Inc.*, No. 19-09604, 2020 WL 1953620, at *4 (C.D. Cal. Apr. 23, 2020) (citations and quotation marks omitted). Here, the interest of justice will be best served by transfer of this action.

Transfer will permit this action, which was originally filed over five months ago, to finally proceed to adjudication on the merits. If the Court were to dismiss in lieu of transfer, Plaintiff would inevitably re-file the action, thus possibly necessitating the parties to revisit the threshold venue question or to encumber the Southern District of Florida with additional filings concerning the proper re-assignment of this action. *See, e.g.*, S.D. Fla. Local Rule 3.8 (requiring parties to submit "Notice of Pending, Refiled, Related or Similar Actions").

In the interest of justice, this action should therefore be transferred to the Southern District of Florida. Any other result would be "time-consuming and justice-defeating." *Amity Rubberized Pen Co.*, 793 F.3d at 996.

14

**B.     The Court Should Also Transfer this Action to the Southern District of Florida for the Convenience of the Parties and Witnesses, and in the Interest of Justice.**

In the alternative, AEG seeks transfer of this action to the Southern District of Florida, Fort Lauderdale Division, under 28 U.S.C. § 1404(a), pursuant to which a court may transfer an action to "any other district or division where it might have been brought" for "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

A motion to transfer under Section 1404(a) involves a two-step inquiry. Courts first determine "whether the transferee district was one in which the action might have been brought by the plaintiff." *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960) (internal quotation marks omitted). "In determining whether an action 'might have been brought' in a district, the court looks to whether the action initially could have been commenced in that district." *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985) (internal citations omitted). It is beyond dispute that Plaintiff could have (and indeed previously had) commenced this action in the Southern District of Florida, Fort Lauderdale Division, as general personal jurisdiction over AEG exists there, as AEG concedes for purposes of this motion, and venue is proper there under 28 U.S.C. § 1391(b)–(c) as to her claims.

Next, courts consider whether granting transfer to that district would be appropriate under several factors, including: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, [ ] (8) the ease of access to sources of proof . . . [9] the presence of a forum selection clause . . . [and (10)] the relevant public policy of the forum state." *Hancock v. Jackson Hewitt Tax Serv., Inc.*, No. 19-2602, 2019 WL 8013111, at *2 (C.D. Cal. Aug. 29, 2019) (Gutierrez, J.) (transferring TCPA action to district encompassing both defendant's headquarters and plaintiff's place of residence)

(quoting *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000)) (alterations and ellipses in original).  Just as this Court found in *Hancock*, these factors heavily favor transfer to the Southern District of Florida, Fort Lauderdale Division.

### 1.   Plaintiff's Choice of Forum Is Given Little Weight.

In resolving motions to transfer under Section 1404(a) in TCPA nationwide class actions such as this one, courts have recognized that plaintiff's choice of forum deserves minimal or no deference for at least four reasons.  **First**, courts, including this Court, have repeatedly held that a plaintiff's choice of forum is due considerably less weight in putative class actions.  *See Hancock*, 2019 WL 8013111, at *4 ("Further, the 'great weight' accorded to Plaintiff's choice of forum is even further diminished where, as here, the plaintiff brings a putative class action.") (citing *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)); *see also Johnson*, 19 F. Supp. 3d at 1011 ("[I]n class actions, a plaintiff's choice of forum is often accorded less weight.") (quoting *Hawkins v. Gerber Prod. Co.*, 924 F. Supp. 2d 1208, 1214 (S.D. Cal. 2013)).

**Second**, deference to a chosen forum is "substantially reduced" where, as here, "the plaintiff does not reside in the [chosen] venue."  *Lewis v. Sw. Airlines Co.*, No. 16-0749, 2016 WL 3091998, at *3 (N.D. Cal. June 2, 2016) (internal citation omitted) (alterations in *Lewis*); *accord Hancock*, 2019 WL 8013111, at *4 (holding, under "convenience of the parties" prong, that plaintiff's residence in Texas made California an inconvenient forum for him).  Here, Plaintiff's residence outside this district diminishes her choice of forum.

**Third**, "the degree to which courts defer to the plaintiff's chosen venue is substantially reduced where . . . the forum lacks a significant connection to the activities alleged in the complaint."  *Carolina Cas. Co. v. Data Broad. Corp.*, 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001) (internal quotation marks omitted); *accord Hancock*, 2019 WL 8013111, at *4 (giving little weight to plaintiff's choice of forum where his "TCPA cause of action stems not from contact with California, but from Defendant sending text messages from either New Jersey or Texas to a Texas phone number").

The same result follows here.  Plaintiff has conceded—in two separate federal complaints—that all of the conduct relevant to her claims emanates from outside of this district.  For its part, AEG has shown that there is no forum-related conduct as relates to Plaintiff's claims.  *See generally* Stoll Decl.; *see also* Davie Decl.  Because this forum lacks any, much less "significant connection to the activities alleged in the complaint," *Carolina Cas. Co.*, 158 F. Supp. 2d at 1048, Plaintiff's choice of forum is due little weight.

**Finally**, a court may disregard the plaintiff's chosen venue entirely if, like here, it is a result of forum shopping.  *See Foster v. Nationwide Mut. Ins. Co.*, No. 07-4928, 2007 WL 4410408 at *2 (N.D. Cal. Dec. 14, 2007) ("Where forum-shopping is evident . . . courts should disregard plaintiff's choice of forum."); *accord Hawkins*, 924 F. Supp. 2d at 1215 ("[T]he reduced weight on plaintiff's choice of forum in class actions serves as a guard against the dangers of forum shopping, especially when a representative plaintiff does not reside within the district.").

*Kempton v. Life for Relief & Dev. Inc.* is on all fours.  The Plaintiff in *Kempton* originally filed a TCPA action in the Eastern District of Michigan arising out of his alleged receipt of text messages.  *See Kempton*, No. 19-02156, 2019 WL 5188750, at *1 (D. Ariz. Oct. 15, 2019).  Similar to Plaintiff Barbieri, plaintiff Kempton then filed an amended complaint, which defendant moved to dismiss, "arguing that Plaintiff failed to plead facts to state a claim for relief because, in the Eastern District of Michigan, a plaintiff must provide evidence of something more than just the use of an automated testing system to prove that the defendant used an ATDS in violation of the TCPA."  *Id.*  Rather than oppose defendant's motion, plaintiff Kempton dismissed his complaint and re-filed it in the District of Arizona.  *See id.*  In granting defendant's motion to transfer pursuant to Section 1404(a), the court held that "Plaintiff's strategic maneuvering raises the inference of forum shopping."  *Id.* at *3.  Specifically, the court explained:

> [T]he facts show that Plaintiff choose to litigate this suit in [the]
> Eastern District of Michigan until he was presented with a
> Motion to Dismiss that pointed out the district's precedent on

17

> TCPA actions and the deficiencies in his Amended Complaint.
> At that point, he voluntarily dismissed his Complaint, only to
> refile in a jurisdiction that does not have the same TCPA
> precedent.

*Id.*

Here, Plaintiff cannot even point to her (or AEG's) residence in this forum as a purported excuse for her abrupt dismissal of the Florida Action. Instead, after filing multiple complaints in the Florida Action, each time asserting that venue was proper there, Plaintiff elected to uproot the case after months of litigation and while AEG's motion to dismiss her amended complaint was pending. *See* RJN, **Ex. A**. As *Kempton* instructs, this reveals either a thinly veiled attempt to avoid perceived unfavorable law in the Southern District of Florida or, perhaps, an unfavorable Article III assignment in the (now-dismissed) Florida Action. In any event, this Court should not countenance Plaintiff's "strategic maneuvering."

For these reasons, Plaintiff's choice to re-file her action in this district carries no weight, as she asserts class allegations, she does not reside in this district, she has conceded that the events giving rise to her claims occurred outside this district, which otherwise has no connection to the parties or Plaintiff's claims, and the choice to file the Complaint in this district—after months of litigating in the Southern District of Florida—was the result of what appears to be blatant forum shopping. It follows that this factor alone warrants transfer to the Southern District of Florida, Fort Lauderdale Division.

      2.    <u>The Parties' Respective Lack of Contacts with this District and Absence of Contacts Relating to Plaintiff's Claims in this District Favor Transfer.</u>

The parties' lack of contacts with this district and the nonexistence of contacts relating to Plaintiff's claims in this district weigh decidedly in favor of transfer to the Southern District of Florida. For her part, Plaintiff has alleged no contact with this district whatsoever, and each of her prior complaints conceded that venue was proper in the Southern District of Florida. Although Plaintiff has attempted to swap in California in

18

place of Florida in alleging that a "substantial part" of the conduct giving rise to the claims occurred in this district, she does not sufficiently allege that relevant events and conduct *indeed* occurred in this district. That alone supports transfer to the Southern District of Florida—the district that does have a substantial connection to the events giving rise to the allegations. *See Verdun v. Cal. Bus. Bureau*, No. 14-0035, 2014 WL 12508344, at *2 (S.D. Cal. June 16, 2014) (transferring action where "plaintiff fail[ed] to allege the conduct at issue occurred" in the Southern District of California).

Further, AEG has demonstrated that all of the relevant events underlying this action occurred in the Southern District of Florida. *See* Stoll Decl. ¶¶ 4–8 (confirming, among other things, that "all persons involved in the Deadbeats Event on behalf of AEG work from AEG's principal office in West Palm Beach, Florida 33409"). California, by contrast, bears no relationship whatsoever to this action. *Id.* ¶ 8. A transfer to the Southern District of Florida, where AEG is headquartered and maintains its principal place of business, and where the relevant events underlying Plaintiff's claims occurred, including where she allegedly received text messages for an event held in the Southern District of Florida, is thus fully warranted. Indeed, courts routinely recognize in putative class actions under the TCPA that the operative facts typically arise in the state where the corporate defendant is located and hold that transfer to such state is therefore warranted under Section 1404(a). *See, e.g.*, *LaGuardia*, 2020 WL 2463385, at *7 ("Both Defendants are headquartered in Columbus, Ohio and it is likely the place where Defendants made the marketing decision to send the alleged automated text messages."); *Geraci v. Red Robin Int'l, Inc.*, No. 18-15542, 2019 WL 2574976, at *3 (D.N.J. June 24, 2019) (transferring TCPA action from the plaintiff's home state of New Jersey to the state of the defendant's headquarters in Colorado, on the grounds that the operative facts arose in, and the defendant had substantially more contacts with, Colorado, where defendant was headquartered); *accord Hancock*, 2019 WL 8013111, at *3–5 (transferring TCPA action to Western District of Texas, where plaintiff and defendant's relevant franchisee resided).

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER

Accordingly, these factors weigh heavily in favor of transfer to the Southern District of Florida, Fort Lauderdale Division.

3. <u>The Availability of Compulsory Process to Compel Attendance of Witnesses and the Convenience of the Parties Weighs in Favor of Transfer.</u>

Further underscoring Plaintiff's strategic maneuvering is her attempt to assert claims against AEG for conduct she attributes to a third party—Awesome—who is beyond this California Court's subpoena power.  Plaintiff conceded in her prior complaint filed in the Florida Action that Awesome is crucial to resolving this proceeding.  Indeed, Plaintiff specifically amended her first complaint in the Florida Action to name Awesome as a co-defendant under a joint liability theory.  *See* RJN, **Ex. C**.  Here, she continues to allege that Awesome sent her the text messages at issue.  *See* Compl. ¶ 27; *id.* ¶ 40 ("***To send the text messages, Awesome used a messaging platform*** . . . ." (emphasis added)).  Yet despite (or perhaps because of) Awesome's role, Plaintiff conspicuously fails to name Awesome as a defendant.  *See id.* ¶¶ 63–65, 73–74.

In doing so, Plaintiff has attempted to block AEG from presenting Awesome as a live witness at trial, as Rule 45(c) of the Federal Rules of Civil Procedure limits a Court's subpoena power to "within 100 miles of where the person resides, is employed, or regularly transacts business in person."  As Plaintiff has already alleged, Awesome "is a Florida limited liability company with a principal address of 3406 Davie Rd., Unit 203 Davie, FL 33314."  RJN, **Ex. B** ¶ 7; *see also* Stoll Decl. ¶ 3 ("AEG and another Florida-based entity, Awesome [], were involved as independent contractors in the promotion of the Deadbeats Event pursuant to a co-promotion agreement."); *id.* ¶ 7 (confirming that Awesome was identified in the agreement "as having offices in Davie, Florida 34414").  With the combination of Awesome not being named as a defendant and the inability to subpoena Awesome as a witness for trial in California, live testimony vital to AEG's ability to rebut Plaintiff's claim of vicarious or joint venture liability will be unavailable.  *See, e.g.*, *Kissick v. Am. Residential Servs., LLC*, No. 19-1460, 2019 WL 6434639, at *5 (C.D. Cal. July 18, 2019) (transferring TCPA action and explaining that live testimony is

20

"more convenient and preferable") (collecting cases).  This factor weighs heavily in favor of transfer.

As for AEG's witnesses and the convenience of AEG, "[a]ll of the persons involved in the Deadbeats Event on behalf of AEG work from AEG's principal offices in West Palm Beach, Florida 33409."  *Id.* ¶ 5.  It would be more convenient for AEG's witnesses to testify in court if the action were located near their place of work in the Southern District of Florida, which favors transfer.  *See Cont'l Indus. Cap., L.L.C. through Cohen Asset Mgmt., Inc. v. Davey Tree Expert Co.*, No. 05-1214, 2005 WL 8173354, at *2 (S.D. Cal. Sept. 7, 2005) (finding this factor weighs in favor of transfer where "at least some of [the] witnesses" are "beyond the Court's subpoena power," and "[f]or [whom] litigation in the SD Cal would be more costly and time consuming"); *accord Perez v. Performance Food Grp., Inc.*, No. 15-2390, 2017 WL 66874, at *4 (N.D. Cal. Jan. 6, 2017) (noting witnesses "most likely would find it more convenient to testify" in the district where they work).

Accounting for Plaintiff's convenience also supports transfer.  This Court held in *Hancock* that where, as here, a plaintiff resides outside this district, this forum is "inconvenient" for him and the plaintiff's state of residence is, by contrast, a more convenient forum.  2019 WL 8013111, at *3.  Indeed, Plaintiff's election to sue in a forum in which she does not reside is just further indication of her intent to forum shop and means any "convenience" argument she might raise would be entitled "to little if any weight[.]"  *Perez*, 2017 WL 66874, at *3 (giving little weight to plaintiff's convenience argument because he sued "in a forum where he did not reside").

Accordingly, because all of the relevant parties and witnesses—Plaintiff, AEG, and Awesome—are in Southern Florida, transfer to that district is proper.  *Cf. Hancock*, 2019 WL 8013111, at *3 ("[A]lthough [third-party] Callfire is headquartered in California, it appears Plaintiff will need a significant amount of discovery from Defendant, rather than Callfire, on how Defendant used CallFire's services, where the text messages originated, Plaintiff's consent, execution of the class waiver, and whether Defendant maintained a

1   'Do Not Call' list. [] Thus, the parties could more easily access these Texas-based contacts
2   were they in Texas, rather than California.").

3                   4.   <u>The Ease of Access to Evidence Weighs in Favor of Transfer or is
4                        Neutral.</u>

5          Notwithstanding advances in technology, the ease of access to evidence favors
6   transfer of this matter to the Southern District of Florida.  As explained by the court in
7   *Hawkins*, this factor weighs in favor of transfer where, as here, "much of the documentary
8   evidence in th[e] case—to th[e] extent that such evidence may not be available in
9   electronic format—is likely located at [defendant's] headquarters."  *Hawkins*, 924 F.
10  Supp. 2d at 1216.

11         In this case, Plaintiff concedes that Florida-based Awesome—and not AEG—
12  transmitted the text messages at issue.  *See* Compl. ¶ 27.  For its part, AEG has confirmed
13  that it "was not responsible for the transmission of any promotional text message(s)
14  regarding the Deadbeats Event[.]"  Stoll Decl. ¶ 8.  And, to the extent AEG possesses any
15  relevant evidence, it will be located in West Palm Beach, Florida.  *See* Stoll Decl. ¶ 7.
16  Indeed, *all* of the relevant witnesses, records, and sources of proof reside or are located
17  in the Southern District of Florida.  *See* Stoll Decl. ¶¶ 4–8.  As such, this factor weighs
18  heavily in favor of transfer to the Southern District of Florida.  *See Hancock*, 2019 WL
19  8013111, at *3 (explaining that "it appears Plaintiff will need a significant amount of
20  discovery from Defendant," and "[t]hus, the parties could more easily access these
21  [Florida]-based contacts were they in [Florida], rather than California").

22                  5.   <u>Other Factors Support Transfer or Are Neutral.</u>
23         The various other factors either support transfer or are neutral.  For example, the
24  differences in costs of litigation tilt in favor of transfer because Plaintiff and AEG both
25  reside in the Southern District of Florida, where the key witnesses and any relevant
26  evidence are also located.  *See Hancock*, 2019 WL 8013111, at *3 ("[L]itigating the case
27  in [Florida] would reduce costs because evidence and witnesses relating to Plaintiff's

28

TCPA claims are located in Florida, not California." (citation and quotation marks omitted)).

Further, although Plaintiff does not allege that she entered into any agreements with AEG, and thus "the location where the relevant agreements were negotiated and executed" may be neutral, the underlying Deadbeats Event agreement between Awesome and AEG was negotiated in Florida. *See* Stoll Decl. ¶ 4.

Finally, neither state has more familiarity with the governing law, as Plaintiff asserts violations of a single federal statute. *See Hancock*, 2019 WL 8013111, at *4 n.2 ("The TCPA is a federal statute, and as this Court has previously held, where . . . Plaintiff's claims for relief are based on federal law, both [federal] courts are presumably familiar with the governing law." (citation and quotation marks omitted; ellipses in original)); *accord LaGuardia*, 2020 WL 2463385, at *8 ("Because both courts are fully capable of applying the federal statute at issue in this case, the court concludes this factor is neutral."); *Kempton*, 2019 WL 5188750, at *3 ("[T]he Court notes that the TCPA is a federal statute. Both this district and the Eastern District of Michigan are equally familiar with the law.").

       6.    <u>The Interest of Justice and Judicial Efficiency Warrants Transfer to the Southern District of Florida.</u>

As set forth above, venue lies only in the Southern District of Florida and not here. And, in addition to all of the convenience factors that weigh heavily in favor of transfer to Florida, there is another "paramount" and "potentially dispositive factor: the significant burden on limited judicial resources if transfer is denied." *Hawkins*, 924 F. Supp. 2d at 1214. "Here, the [interest of justice] factors favor transferring the case because the parties' contacts with the forum, the contacts related to Plaintiff's TCPA claim, the ease of access to sources of proof, and the differences in litigation costs all make the [Southern District of Florida] a more suitable venue." *Hancock*, 2019 WL 8013111, at *3.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER

Moreover, a transfer to the Southern District of Florida will prevent further improper strategic maneuvering and gamesmanship by Plaintiff, which in turn will serve judicial economy by preventing further unnecessary litigation over these procedural venue and jurisdictional issues and permitting this action to proceed to the merits in the Southern District of Florida, where this action belongs.

For all of the foregoing reasons, AEG respectfully submits that this action should be transferred to the Southern District of Florida, Fort Lauderdale Division.

## C. Should this Action Remain in this District, this Court Lacks Personal Jurisdiction over Plaintiff's Claims.

As set forth in detail in Section III.A.1 *infra*, this Court unquestionably lacks personal jurisdiction over AEG.  As such, this Court may dismiss or transfer this action for improper venue under Federal Rule of Civil Procedure 12(b)(3) and Section 1406(a). *Id.*  Moreover, because the interest of justice would be best served by transfer to the Southern District of Florida, Fort Lauderdale Division, AEG submits that this Court should transfer, rather than dismiss, this action.

Further, although the Court lacks personal jurisdiction over AEG, and thus the action could independently be dismissed under Federal Rule of Civil Procedure 12(b)(2), AEG submits that the Court may decline to decide that aspect of this motion and only do so if the Court elects not to transfer this action to the Southern District of Florida.  *See, e.g.*, *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1103 (C.D. Cal. 2001) ("However, the 'transferor court' need not have personal jurisdiction over the defendant(s) to order transfer.  It may order the case transferred so that jurisdiction can be established in the 'transferee court.'" (quoting *Goldlawr, Inc.*, 369 U.S. at 466–67)); *id.* at 1110 (declining to reach motion to dismiss for lack of personal jurisdiction upon transfer of action).

/ / /

/ / /

/ / /

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, AEG respectfully requests that the Court transfer this action to the Southern District of Florida, Fort Lauderdale Division, on the ground that venue is improper in the Central District of California.   In the alternative, AEG respectfully requests that the Court transfer this action to the Southern District of Florida, Fort Lauderdale Division, out of convenience and in the interest of justice.  In the event, however, that the Court does not dismiss or transfer this action for improper venue or out of convenience and in the interest of justice, it should dismiss Plaintiff's claims for lack of personal jurisdiction.

Respectfully submitted,

Dated: May 26, 2020              **AKIN GUMP STRAUSS HAUER & FELD LLP**
Neal R. Marder
Michael J. Stortz
Marshall L. Baker


By: _____*/s/ Neal R. Marder*_____
              Neal R. Marder

Attorneys for Defendant
AEG PRESENTS SE, LLC